IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HOWARD HOFELICH, | Case No. 22-cv-00292-DKW-WRP |
| Plaintiff, | **ORDER (1) GRANTING DEFENDANT UNITED STATES COAST GUARD VESSEL DOCUMENTATION CENTER'S MOTION TO DISMISS AND DISMISSING SAID DEFENDANT WITHOUT LEAVE TO AMEND; (2) GRANTING IN PART PLAINTIFF'S MOTION FOR REMAND AND REMANDING ACTION TO STATE CIRCUIT COURT; AND (3) HOLDING IN ABEYANCE ALL OTHER PENDING MOTIONS** |
| v. | |
| STATE OF HAWAII DCCA, DLNR, DENNIS KREUGER, ASHFORD AND WRISTON LAW CORPORATION, DAVID KAAPU, STEPHEN WHITTAKER, *et al.*, | |
| Defendants. | |

On July 5, 2022, Defendant United States Coast Guard Vessel Documentation Center (Coast Guard) removed this action from the Third Circuit Court for the State of Hawai'i, pursuant to 28 U.S.C. Sections 1346(b)(1) and 1442(a)(1), on the basis that the Coast Guard is an agency of the United States. Dkt. No. 1. Since that time, numerous parties have filed a plethora of motions ranging from a motion to declare Plaintiff Howard Hofelich (Plaintiff) a vexatious litigant to a motion for summary judgment and almost everything in-between. While at some point all of these motions may need to be addressed in some form, this is not that day. This is because two of the many motions that have been filed lead to the result explained below.

First, the Coast Guard's motion to dismiss.   Dkt. No. 25.   Therein, the Coast Guard asserts that the Complaint fails to allege any claims against it and leave to amend should not be allowed because Plaintiff's claims are conclusively time-barred.   The Court agrees on both fronts: (1) even liberally construed, the pro se Complaint fails to assert any claims against the Coast Guard; and (2) Plaintiff could not assert any claim against the Coast Guard because it is clear from the face of the Complaint that any such claims would be time-barred.   Therefore, the Coast Guard's motion to dismiss is GRANTED.   Second, Plaintiff's motion to remand. Dkt. No. 33.   Therein, although Plaintiff appears to seek remand of this entire case, including his purported claims against the Coast Guard−a request that is not granted herein−he also seeks to have all claims *except for those against the Coast Guard* remanded.   Having reviewed the record, the Court finds that this case, except for the claims against the Coast Guard (all of which are dismissed herein), should be remanded because there is no basis for federal subject matter jurisdiction in the Complaint.   Instead, the Complaint reflects that this case involves a State dispute over a State judgment.   As a result, Plaintiff's motion to remand is GRANTED IN PART.   All other pending motions shall be held in abeyance, pending the remand of this case to the Third Circuit Court.

## <u>RELEVANT PROCEDURAL BACKGROUND</u>

As mentioned, the Coast Guard removed this action because it is an agency of the United States named in the Complaint.   Also named in the Complaint as defendants are numerous departments of the State of Hawaiʻi, a judge of the State of Hawaiʻi, and various entities and individuals located in Hawaiʻi.   While the Complaint is not a model of clarity, liberally construed, the intent is clear: Plaintiff challenges the State court-ordered seizure of his property, which included a vessel, dating back to 1999.

Following the Coast Guard's removal, numerous motions have been filed by various parties.   Plaintiff has filed the following motions: (1) to be addressed "solely by his legal name", Dkt. No. 17; (2) to strike numerous filings, Dkt. Nos. 19, 23, 66; (3) to remand, Dkt. No. 33; and (4) to disqualify, Dkt. No. 37.[1] Responses with respect to the foregoing have also been filed by various defendants.   Dkt. Nos. 45, 50, 52-55, 61.[2]

---

[1]Plaintiff has also filed motions for injunctive relief, Dkt. No. 57, and for summary judgment, Dkt. No. 72.   Those motions have been set for hearing on November 18, 2022, Dkt. Nos. 65, 74, and, thus, those motions are not presently ripe for adjudication.
[2]Although Plaintiff has filed additional support for his motions to remand and to be addressed by his legal name, Dkt. Nos. 36, 47, these cannot be considered replies given that they were filed *before* any response to the motions.   In any event, the Court acknowledges receipt of Plaintiff's additional support.

3

Second, various defendants have filed the following motions: (1) Defendants David Lawton (Lawton) and Jung & Vassar, P.C.'s (J&V) motion to dismiss or for summary judgment, Dkt. No. 10; (2) Lawton and J&V's motion to designate Plaintiff a vexatious litigant, Dkt. No. 12; (3) the Coast Guard's motion to dismiss, Dkt. No. 25; and (4) Defendant Ashford & Wriston LLP's (A&W) motion to dismiss, Dkt. No. 26.   Responses, statements of non-opposition, and/or replies have been filed with respect to the foregoing motions.   Dkt. Nos. 42-44, 46, 56, 60, 67-69.[3]

This Order now follows.

## RELEVANT LEGAL PRINCIPLES

### I.   Motion to Dismiss

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3]Plaintiff also filed an untimely response to A&W's motion to dismiss on September 15, 2022. Dkt. No. 70.

face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."   *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

Because Plaintiff is proceeding pro se, the Court liberally construes the Complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).   A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## II.    <u>Removal</u>

Pursuant to Section 1447(c) of Title 28, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   "[A]ny doubt about the right of removal requires resolution in favor of remand."   *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Pursuant to Section 1442(a)(1) of Title 28, the United States or one of its agencies may remove to federal court an action brought against it in State court. In addition, pursuant to Section 1441(a) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have original jurisdiction over the action.   As pertinent here, pursuant to Section 1331 of Title 28, this Court has original jurisdiction over all civil actions "arising under" federal law.   The existence of removal jurisdiction based upon a federal question is judged as of the time the removal petition is filed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

## <u>DISCUSSION</u>

Because this case was removed by the Coast Guard, the Court begins its analysis of the pending motions with the Coast Guard's motion to dismiss.

## I.      <u>The Coast Guard's Motion to Dismiss</u>

In its motion to dismiss, Dkt. No. 25, the Coast Guard argues that any claim against it should be dismissed because the Complaint fails to allege any facts concerning the Coast Guard.  *Id*. at 5-6.   The Coast Guard further argues that leave to amend should not be allowed because, even if Plaintiff had alleged facts against it, any claim would be time-barred.  *Id*. at 7-9.[4]

The Court agrees in both respects.   First, simple review of the Complaint reflects that, although the Coast Guard is given a heading dedicated to itself therein, Dkt. No. 1-1 at 32, there is not a single factual allegation against the Coast Guard either under that heading or anywhere else in the Complaint, *see generally id*.   Second, while the foregoing deficiency could be cured by amendment, another more glaring one cannot.   Namely, the untimeliness of any possible claim Plaintiff may wish to bring against the Coast Guard, as the Complaint is clear that the alleged improper seizure of Plaintiff's property took place in 1999.  *Id*. at 11, 13,

---

[4] The Coast Guard also contends that it is immune from suit as an agency of the United States. Dkt. No. 25 at 6-7.   In light of the analysis herein and the other arguments raised by the Coast Guard, the Court does not address this argument.

17, 21, 25, 33.   In fact, all of the factual allegations of the Complaint took place between 1995, with the initiation of a State legal proceeding, *id*. at 13 (referencing Exh. A to Dkt. No. 1-1) and 2001, with the alleged improper sale of Plaintiff's property, *id*.

Apparently recognizing the timeliness infirmities surrounding his claims, Plaintiff includes in the Complaint citations to the Servicemembers Civil Relief Act (SCRA).   Specifically, Plaintiff contends that, because he served in the military between 1980 and 2006, "there is no federal statute of limitations on his claim to retrieving his…property." *Id*. at 5.   Review of the statute, however, shows that Plaintiff is, at best, only partially correct.   Notably, while the SCRA does provide for the *tolling* of any applicable statute of limitations, it does not provide for the *elimination* of any such limitations period.   *See* 50 U.S.C. § 3936(a) ("The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court…").   With this language in mind, the clear allegation of the Complaint−that Plaintiff's military service ended in 2006−dooms Plaintiff's claims because, as the Coast Guard asserts, Dkt. No. 25 at 8, at best, Plaintiff had six years to bring a civil claim against the United States once his service ended, *see* 28 U.S.C. § 2401(a).   The bringing of this action against the

Coast Guard in 2022, therefore, is roughly 10 years too late.   Moreover, Plaintiff has been more than aware of the accrual of any potential cause of action for a considerable time.   Among other things, the record reflects that, at least as far back as *2011*, Plaintiff named the Coast Guard in a similar lawsuit raising the same factual allegations about the alleged improper seizure of his property in 1999. *See, e.g.*, Dkt. No. 12-16 at 1, 16, 34.   Therefore, any claim against the Coast Guard is undoubtedly time-barred and, in light of Plaintiff's clear allegations in this regard demonstrating said untimeliness, it would be futile to permit amendment.

Having dismissed the Coast Guard, the party that removed this case on the basis of being an agency of the United States, the Court is obligated to determine whether a different basis exists to exercise subject matter jurisdiction here.   *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that subject matter jurisdiction "involves a court's power to hear a case" and a court has an independent obligation to determine whether such jurisdiction exists) (quotation and citation omitted).   The Court does so below.

## II.   <u>Subject Matter Jurisdiction</u>

As an initial matter, the Court observes that, in the motion for remand, Plaintiff requests this Court to not "interfere," "tamper" with, or "re-examine" the

State court judgment that resulted in the seizure of his property.   Dkt. No. 33 at 2.
Further, in its "statement" concerning the motion to remand, the Coast Guard
asserts that, should its motion to dismiss be granted, this case should be remanded.
Dkt. No. 45 at 5.   On the other side of the ledger are Lawton, A&W, and J&V,
who have, collectively, filed two oppositions to the motion for remand.   In those
oppositions, they assert the following bases for purported federal subject matter
jurisdiction here.

First, they contend that Plaintiff's reliance on the SCRA—a federal
statute—provides subject matter jurisdiction.   Dkt. No. 54 at 5-6; Dkt. No. 61 at 7.
It is clear from the Complaint, however, that Plaintiff does not rely upon the SCRA
for purposes of bringing an independent claim thereunder against one of the
defendants.   Rather, Plaintiff relies on the SCRA in order to purportedly save
*other* claims he wishes to bring from a statute of limitations attack.   *See* Dkt. No.
1-1 at 3-4 (citing the statute of limitations tolling provision from the SCRA).
Therefore, the SCRA does not provide subject matter jurisdiction here.

Second, A&W argues that the Complaint brings claims based upon certain
federal fraud statutes.   Dkt. No. 61 at 7.   However, all of those provisions are
from the U.S *Criminal Code* and, thus, do not provide the Court with jurisdiction

in this *civil* case.[5]   All of the remaining claims A&W mentions are State law
claims.   *See id*.   Therefore, Lawton, J&V, and A&W have failed to establish that
federal subject matter jurisdiction exists here.   *See Kokkonen*, 511 U.S. at 377.

With that in mind, the Court must determine whether to exercise
supplemental jurisdiction over the claims in the Complaint.   *See Harrell v. 20th
Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a
district court's discretion either to retain jurisdiction to adjudicate the pendent state
claims or to remand them to state court.").   In doing so, the Court must weigh the
"values of economy, convenience, fairness, and comity."   *Id*. (quotation and
ellipsis omitted).

From the Court's perspective, here, one of those values–comity–weighs
strongly enough in favor of remand to overwhelm any slight weight in the opposite
direction provided by the others.   As mentioned, with the Coast Guard excluded,
this lawsuit concerns parties from the State of Hawai'i, property seized in the State
of Hawai'i, and legal proceedings, including a judgment, from a court of the State
of Hawai'i.   In particular, notwithstanding Plaintiff's conclusory assertions

---

[5]Plaintiff would also, obviously, not have standing to bring criminal claims on behalf of the
United States Attorney General.

otherwise, the Complaint seeks to undo a judgment from a State court.[67]   The

State court is, therefore, in a far better and far more appropriate position than this

Court to determine the propriety (or lack thereof) of Plaintiff's entreaties.[8]   As for

the remaining values, arguably, it may be nominally more economical for this

Court to take up the pending motions rather than have the State court do so on

remand, but that is likely true in most such instances and, depending on the

disposition of any claims by this Court, perhaps no more economical.   *See* n.8

*supra*.   As for convenience and fairness, at best, the Court cannot discern any

lesser or greater convenience or fairness in litigating the case here.   Therefore, due

to the overwhelming comity concerns with litigating this case in federal court and

the meagre economical, convenience, and fairness value in doing so, if any, in its

---

[6]While Plaintiff also seeks damages, those are damages allegedly resulting from the seizure of his property.   *See* Dkt. No. 1-1 at 5-6.   In other words, allegedly resulting from the State court judgment.

[7]Moreover, even tangential issues here, such as the motion to designate Plaintiff a vexatious litigant, are premised purely upon State law.   *See* Dkt. No. 12 at 2 (relying upon Haw. Rev. Stat. §§ 634J-1-7).

[8]As certain parties, including Plaintiff, point out, this Court also has no jurisdiction to provide Plaintiff with the relief he seeks in the Complaint under *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).   *See* Dkt. No. 1-1 at 5; Dkt. No. 26-1 at 9-11.   Although Lawton and J&W contend that at least a claim or two may not be barred under *Rooker-Feldman*, *see* Dkt. No. 56 at 6-7, they too acknowledge that the essence of this case—the undoing of the seizure of Plaintiff's property—is barred, *see id*.   If any such bar had been applied here, it would have been by dismissing Plaintiff's barred claims *without* prejudice.   *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999); *Albrecht v. Demuniz*, 315 F. App'x 654, 654 (9th Cir. 2009).   Which would mean that Plaintiff could simply re-assert those claims in State court and, therefore, bring the parties back to the beginning once again—obviating any economy or convenience from remaining here.

discretion, the Court finds that remand of Plaintiff's remaining claims, *i.e*, all claims *other than those against the Coast Guard*, is appropriate here.   *See Moore-Thomas*, 553 F.3d at 1244 ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

## **CONCLUSION**

For the reasons set forth herein, the Coast Guard's motion to dismiss, Dkt. No. 25, is GRANTED, and the Coast Guard is DISMISSED WITH PREJUDICE. Plaintiff's motion for remand, Dkt. No. 33, is GRANTED IN PART to the extent that the balance of this case is REMANDED to the Third Circuit Court for the State of Hawaiʻi, pursuant to Section 1447(c) of Title 28.   **All other pending motions, Dkt. Nos. 10, 12, 17, 19, 23, 26, 37, 57, 66, 72, shall be HELD IN ABEYANCE pending the remand of this action to the Third Circuit Court.** The hearing on November 18, 2022, Dkt. Nos. 65, 74, is hereby VACATED.

The Clerk is instructed to mail a certified copy of this Order to the clerk of the Third Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

Dated: September 22, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge